UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CELADONIO AYALA-ROSALES, )
)
    Plaintiff, )
)
v. ) Case No. 4:14-cv-48-HSM-CHS
)
JOHN PHIILIP TEAL )
)
    Defendant. )

REPORT and RECOMMENDATION

    Defendant John Phillip Teal moves pursuant to 42 U.S.C. § 1988 for attorney fees incurred in defending Plaintiff Celadonio Ayala-Rosales' claim against him brought under 42 U.S.C. § 1983 [Doc. 32]. For the reasons stated herein, it is RECOMMENDED the Defendant's motion be DENIED.

    Plaintiff's complaint asserted a claim under 42 U.S.C. § 1983 against the Defendant, a Corrections Officer with the Coffee County Sheriff's Department, alleging Defendant used excessive force in violation of the Fourteenth Amendment when Defendant placed Plaintiff in the "drunk tank" or holding cell in the county jail. During the process of placing Plaintiff in the cell, Plaintiff allegedly resisted such efforts. Defendant took Plaintiff to the floor and, depending upon which version of events is believed, may have fallen on top of Plaintiff. It is uncontroverted that Plaintiff hit his head on the concrete floor resulting in a skull fracture.

    Following discovery in this case, Defendant filed a motion for summary judgment which the District Court granted. [Doc. 28]. In granting Defendant's Motion for Summary Judgment, the Court found that the force exerted by Defendant to place Plaintiff in the drunk tank was

1

objectively reasonable because Plaintiff was inebriated, agitated, uncooperative and refused to let go of either the cell bars in the hallway or the door of the cell (again, there is some dispute over which it was). Defendant contends this action was necessary because Plaintiff failed to comply despite Defendant's repeated orders to do so and several attempts using lesser force to make Plaintiff release his hold on the bars or the door (October 20, 2015, Order at 12; Page ID # 622).

Defendant now seeks attorney fees under 42 U.S.C. § 1988 for defending the Plaintiff's Section 1983 excessive force claim. Defendant asserts that it should have been apparent to the Plaintiff from the outset of the case, and, if not from the outset, then after discovery was concluded, that his claim against Defendant was frivolous.

It is well settled that a defendant may recover attorney fees from a plaintiff only where the suit was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983); *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005); *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004). "An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir.1986)). Before a court can award attorney's fees under Section 1988, it must consider the plaintiff's basis for bringing the suit. *Wolfe*, 412 F.3d at 720; *Riddle*, 266 F.3d at 548. Further, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Wolfe*, 412 F.3d at 720 (quoting *Christianburg Garmet Co, v. EEOC*, 434

U.S. 412, 421-22 (1978)).[1] On the other hand, an award of fees may be appropriate "'where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.'" *Wolfe*, 412 F.3d at 720 (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir.), *cert. denied*, 473 U.S. 906 (1985)).

In his brief and at oral argument held before the undersigned on February 25, 2016, Plaintiff articulated several reasons why this case from the outset might present a plausible, viable Section 1983 claim against Defendant necessitating further investigation and discovery. While Defendant ultimately prevailed on his summary judgment motion, it does appear to the Court that, following discovery, Plaintiff's counsel had a good faith basis to believe that there may be some genuine issue of material fact that would allow the case to survive summary judgment and proceed to a jury trial. Consequently, the Court cannot conclude that it was "clearly apparent" after the close of discovery that Plaintiff's claim was patently frivolous. The undersigned declines to engage in a 20/20 *post hoc* evaluation following the District Court's entry of an order granting summary judgment in favor of Defendant. Instead, the undersigned finds this case is not the type of egregious, vexatious case that merits an award of attorney fees – amounting to a sanction -- against Plaintiff.

---

[1] In *Christianburg Garmet Co. v. EEOC*, 434 U.S. 412, 421-22 (1978), the Supreme Court was considering attorney's fees awarded in an action brought under Title VII, 42 U.S.C. § 2000e *et seq.* However, the standard for granting fees under 42 U.S.C. § 1988 is the same as for granting fees under Title VII. *Wolfe*, 412 F.3d at 720 n. 5.

Accordingly, it is RECOMMENDED[2] that Defendant's Motion for Attorney Fees under Section 1988 [Doc. 32] be DENIED.

        s/*Christopher H. Steger*
        UNITED STATES MAGISTRATE JUDGE

---

2 Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).